**BADIAK & WILL, LLP**
Attorneys for Plaintiff
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 07-H-246-RB/JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY,
as subrogee of EMPRESS INTERNATIONAL LTD.,

                                Plaintiff,

    -against-

FMI INTERNATIONAL OF NEW JERSEY LLC
d/b/a FMI INTERNATIONAL LLC, FMI TRUCKING,
INC. and FMI EXPRESS CORP.,

                               Defendants.
------------------------------------------------------------X

*OFFICE COPY*

**JUDGE CEDARBAUM**

**08 CV 0388**

**COMPLAINT**



*Filed stamp: JAN 15 2008 U.S.D.C. S.D.N.Y. CASHIERS*

       Plaintiff FIREMAN'S FUND INSURANCE COMPANY, as subrogee of EMPRESS INTERNATIONAL LTD., complaining of the defendants, FMI INTERNATIONAL OF NEW JERSEY LLC d/b/a FMI INTERNATIONAL LLC, FMI TRUCKING INC. and FMI EXPRESS CORP., by its attorneys BADIAK & WILL, LLP, sets forth and alleges to this Court upon information and belief, as follows:

### JURISDICTION

    1.    This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the dollar amount in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

## VENUE

2.  Venue properly lies in the Southern District of New York because the defendants are amenable to personal jurisdiction in this district.

## PARTIES

3.  At and during all material times hereinafter referred to, plaintiff FIREMAN'S FUND INSURANCE COMPANY ("Fireman's Fund") was and still is a business corporation duly organized and existing under and by virtue of the laws of California, with an office and place of business located at One Chase Manhattan Plaza, 37th Floor, New York, New York 10005-1423.

4.  At and during all material times hereinafter referred to, defendant FMI INTERNATIONAL OF NEW JERSEY LLC, d/b/a FMI INTERNATIONAL LLC was and still is a limited liability company duly organized and existing under and by virtue of the laws of Delaware, with an office and place of business located at 800 Federal Boulevard, Carteret, New Jersey 07008, and was engaged in business as, inter alia, a warehouseman.

5.  At and during all material times hereinafter referred to, defendant FMI TRUCKING INC. was and still is a business corporation duly organized and existing under and by virtue of the laws of New Jersey, with an office and place of business located at 800 Federal Boulevard, Carteret, New Jersey 07008, and was engaged in business as, inter alia, a warehouseman.

6.  At and during all material times hereinafter referred to, defendant FMI EXPRESS CO. was and still is a business corporation duly organized and existing under and by virtue of the laws of New Jersey, with an office and place of business located at 800

Federal Boulevard, Carteret, New Jersey 07008, and was engaged in business as, inter alia, a warehouseman.

7. At and during all material times hereinafter referred to, subrogor EMPRESS INTERNATIONAL LTD. ("EMPRESS") has an office and place of business located at 5 Dakota Drive, Suite 303, Lake Success, New York, 11042, and is engaged in the business of seafood importation.

## FACTS

8. Fireman's Fund was the insurer of a cargo of frozen shrimp under policy number OC96313601, damage and loss to which is the underlying origin of this action. Fireman's Fund was obligated under its policies of insurance to pay, and did pay its assured, for damage and loss sustained by said cargo while in transit, and would be or otherwise became subrogated to the rights of its assureds, against third-parties, including the defendants, for the damage and loss sustained, and it is entitled to maintain this action, and brings this action on its own behalf and on behalf of all parties who may be so entitled.

9. On or about December 9, 2005, there was shipped by Farallon Aquaculture in Panama, as shipper, one 40-foot refrigerated container designated PONU-4510564, containing seven hundred eighty (780) cartons of frozen shrimp, then being in good order and condition, to the order of EMPRESS, as consignee, on board the merchant vessel "CSCL TIANJIN," per P&O Nedlloyd bill of lading number POCLMIT45102030, dated 10/12/05.

10. Throughout its voyage on board the "CSCL TIANJIN," the interior temperature of container PONU-4510564 was maintained at a constant -18 degrees Celsius.

11. Empress contracted with defendants for their services as common carriers and warehousemen to pick up and transport container PONU-4510564 at Port Newark Container

Terminal from the merchant vessel "CSCL TIANJIN," and deliver the same to PREFERRED FREEZER SERVICES OF JERSEY CITY, LLC ("PREFERRED FREEZER"), a cold storage warehouse located in Jersey City, New Jersey, to the order of plaintiff's insured and/or agents in like good order and condition as when shipped, delivered to and received by them, all in consideration of storage and other charges paid or agreed to be paid, and in accordance with a charge slip and work order issued by or on behalf of defendants numbered 1009648 and dated 12/22/05.

12. FMI INTERNATIONAL LLC billed Empress for its services pursuant to invoice number 455776, dated 12/29/2005.

13. Invoice number 455776 contains an itemized charge for storage of container PONU-4510564 from 12/22/05 until 12/27/05.

14. Container PONU-4510564 was released into the care, custody and control of defendants at Port Newark Container Terminal, on or about December 22, 2005.

15. At the time container PONU-4510564 was picked up by defendants, the interior temperature had been and was being maintained at a constant of -18 degrees Celsius.

16. On or about December 27, 2005, defendants delivered container PONU-4510564 to PREFERRED FREEZER in Jersey City, New Jersey, but not in like good order, condition or quantity as when shipped, delivered to and received by them, but, to the contrary, with serious damage, loss and impaired value to the contents thereof, the cargo having defrosted while within the care, custody and control of defendants at their warehouse, as a result of defendants' negligence, all in violation of defendants' bailment and contract obligations and duties as warehousemen.

17. No acts or negligence on the part of the plaintiff or the plaintiff's insured contributed to the damage and loss herein described.

18. All conditions precedent required of the plaintiff and its predecessors-in-interest in said shipment have been performed.

19. By reason of the foregoing premises, plaintiff has sustained damages in the amount of $145,502.97, no part of which has been paid although duly demanded of defendants.

**WHEREFORE,** Plaintiff demands judgment of defendants in the amount of $145,502.97, together with pre-judgment interest, costs and such other relief as the Court deems equitable, just and proper.

Dated: Mineola, New York
January 14, 2008

Respectfully submitted,

BADIAK & WILL, LLP
Attorneys for Plaintiff
106 Third Street
Mineola, New York 11501
(516) 877-2225
07-H-246-RB/JK

By: _____
ALFRED J. WILL (AJW-2485)